### FRANKLIN v. UNITED STATES.
#### No. 6192.

United States Court of Appeals for the District of Columbia.

Argued Oct. 4, 1934.

Decided Oct. 29, 1934.

L. Harold Sothoron, P. Michael Cook, and Ralph D. Quinter, all of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., and Walter M. Shea, Asst. U. S. Atty., both of Washington, D. C.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a directed verdict and judgment for the United States in an action brought by a veteran upon a yearly renewable term war risk insurance policy.

In the declaration filed by appellant, as plaintiff below, it is alleged: That on April 5, 1918, he enlisted in the military service of the United States and served until the 18th day of February, 1919, when he was honorably discharged from the service. That while serving in the Army he applied for and was granted a policy of war risk insurance in the sum of $10,000, and that all premiums due and payable under the terms of the policy were fully paid by him until the date of his discharge in February, 1919. That while the policy was in full force and effect he became and was, and has since continuously remained, permanently and totally disabled from following a substantially gainful occupation as contemplated by the War Risk Insurance Act 1917 (40 Stat. 398) as amended, and accordingly became entitled to a monthly payment of $57.50 for and including the month of February, 1919, up to and including the month of July, 1928, when the present action was commenced. That plaintiff filed a claim with the government for the benefits due him under the insurance policy, but the claim was rejected and is still denied. The plaintiff therefore prayed for a recovery of 114 installments of insurance at the rate of $57.50 per month from February, 1919 to July, 1928.

The defendant, by plea, admitted that the plaintiff while serving as a soldier in the United States Army applied for and was granted war risk term insurance in the amount of $10,000, and that the premiums were paid thereon to include the month of February, 1919, but denied that plaintiff became and was permanently and totally disabled within the year covered by said policy, and denied that he is now or ever has been permanently or totally disabled.

The case was tried to the jury, and at the close of plaintiff's evidence a motion for a directed verdict was filed by the defendant and was granted by the court, and judgment was thereupon entered for the defendant. The present appeal was then taken.

The sole issue at the trial of the case was whether the appellant became and was totally and permanently disabled during the year covered by appellant's policy of insurance, for no such disability if first occurring after that year would be covered by the policy in question, inasmuch as the policy then lapsed for nonpayment of the premiums thereon.

"Total disability" is defined as "any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation." Such disability shall be deemed to be permanent, "whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it" T. D. No. 20.

At the trial the plaintiff introduced testimony tending to show that prior to his enlistment he had suffered from kidney and liver complaint, and that about three years previously he had suffered a successful operation for the removal of the appendix. However, the medical examination made at the time of his enlistment reported that he was physically fit for military service. It appears that during the time of his service, which lasted for less than ten months, he was in two front-line engagements and was gassed upon one occasion, and that following this he was in the hospital for suitable medical treatment. It also appears that at the time of his discharge he was examined by an officer of the Medical Corps of the Army and found to be physically and mentally sound. At the same time he signed a written statement to the effect that he had no reason to believe that at that time he was suffering from any effects of any wound, injury, or disease, or that he had any disability or impairment of health whether or not incurred in the military service.

The evidence also discloses that within a month after his discharge he resumed his pre-war employment and worked for his brother collecting rents from February, 1919, to May, 1920; that he left this employment voluntarily to work for the Pinkerton Detective

Agency and continued in their service from June, 1920, until January, 1923; that he was married in the year 1922; that he then again collected rents for his brother, who was in the real estate business, for which his brother paid him $35 a week; that he continued in this employment about eight months; that during part or all of this time appellant suffered from pains in his chest, night sweats, coughs, and headaches, but it does not appear that this interfered with his ability to perform the services in which he was employed. In 1924, however, he went to Saranac Lake to be treated for tuberculosis.

It is not denied that in 1924 appellant was suffering from chronic pulmonary tuberculosis, and he was then permanently and totally disabled, and for that disability he is now drawing $90 per month from the Veterans' Bureau. It may also be conjectured, as is testified by an expert witness, that as early as 1919 appellant may have been subject to incipient tuberculosis, but there is no evidence of disability from this source during the period covered by the policy of insurance, to wit, the period ending with February, 1919. It is, of course, plain that the total and permanent disability covered by the policy of insurance must exist before the policy itself lapses. When such disability develops for the first time after the lapse of the policy, it cannot serve as a basis for recovery. The fact that for at least three years following the lapse of the policy the appellant engaged in ordinary business occupations, for which he received the wages ordinarily paid therefor, forbids the conclusion that it was "impossible" for appellant during that period "to follow continuously any substantially gainful occupation."

In Nicolay v. United States, 51 F.(2d) 170, at page 172, the Circuit Court of Appeals for the Tenth Circuit spoke as follows:

"There is substantial evidence that he was a tubercular when he was discharged from the army. There is little doubt that from the middle of July, 1927, he has been a sick man. The question is not, however, his present condition; the question is, What was his physical condition on or before May 2, 1919? Evidence as to his condition since is pertinent, but only as it bears upon his condition while his policy was in force. The plaintiff's right to recover depends upon whether or not he was permanently and totally disabled in May, 1919; the fact that he was then in the early stages of tuberculosis is not conclusive, for we are not required to close our eyes to a fact known to most mankind, and that is

that many men and women are now doing their daily tasks who have at one time been so afflicted." See Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492.

The burden of proof in this case is upon the appellant, and the testimony introduced by him at the trial is not sufficient to sustain his claim. We think, therefore, that the trial justice was justified in directing a verdict for the government.

The judgment of the lower court is therefore affirmed.